UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NANCY K. ERIKS, et al.,<br><br>Defendants. | CASE NO. C18-1189JLR<br><br>ORDER REMANDING ACTION TO STATE COURT, IMPOSING SANCTIONS, AND ENTERING VEXATIOUS LITIGANT ORDER |

## I. INTRODUCTION

This matter comes before the court on Plaintiff Breckenridge Property Fund 2016, LLC's ("Breckenridge") motion to remand, for fees and sanctions, and for entry of a vexatious litigant order against Defendants Erik Eriks and Nancy Eriks ("the Eriks"). (Mot. (Dkt. # 7).) The Eriks did not respond. (*See* Dkt.) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part the motion as specified herein.

ORDER - 1

## II. BACKGROUND

The underlying claim in this case is for unlawful detainer pursuant to RCW 59.12 *et seq*. (*See* Mot. at 2; Not. of Rem. (Dkt. # 1-1) at 2.) The dispute centers on the property commonly known as 30625 38th Avenue South, Auburn, Washington 98001 ("the Property"). (Mot. at 2; Not. of Rem. at 3.) At one time, the Eriks owned the Property. (*Id.*) Breckenridge alleges that, on February 9, 2018, it bought the Property at a non-judicial foreclosure sale. (Mot. at 2.) Breckenridge then attempted to evict the Eriks from the Property, but they have refused. (*Id.*; Not. of Rem. at 3.)

Breckenridge therefore served the Eriks with an unlawful detainer summons and complaint on April 30, 2018. (*See* Mot. at 2; Compl. (Dkt. # 7-1) at 6.) The Eriks sent Breckenridge an answer to the complaint on May 18, 2018. (*See* Mot. at 2.) Also on May 18, 2018, Breckenridge filed the complaint in the Superior Court for King County, Washington. (*Id.*; *see also* State Ct. Dkt. (Dkt. # 7-1) at 19.)

The state court scheduled an order to show cause hearing for June 13, 2018, requiring that the Eriks demonstrate why the state court should not issue a writ of restitution and restore possession of the Property to Breckenridge. (*Id.*) On June 12, 2018, one day before the hearing, Ms. Eriks filed bankruptcy in the Western District of Washington Bankruptcy Court, which stayed the order to show cause hearing. (Mot. at 2.) On June 20, 2018, Breckenridge obtained relief from the stay, and re-noted the show cause hearing for August 15, 2018. (*See* Mot. at 2; State Ct. Dkt. at 19-20.)

On August 14, 2018, one day before the rescheduled hearing, Ms. Eriks filed a motion for leave to proceed *in forma pauperis* ("IFP") in this court (*see* IFP Mot. (Dkt.

# 1)), along with a notice of removal and other documents (*see* Not. of Rem.; Dkt.). Ms. Eriks did not file the state court complaint with her notice of removal (*see* Dkt.), nor did she file the notice of removal in the state court action (*see* State Ct. Dkt. at 19-20; Mot. at 3). On August 17, 2018, this court issued a notice of deficiency to Ms. Eriks regarding her IFP motion because she failed to attach the state court complaint to her notice of removal. (*See* Not. of Def. (Dkt. # 2)); *see also* Local Rules W.D. Wash. LCR 101(b)(1). Ms. Eriks did not cure this deficiency. (*See* Dkt.) On August 28, 2018, Breckenridge filed the present motion to remand, for fees and sanctions, and for entry of a vexatious litigant order. (*See* Mot.) The court now considers the motion.

### III. ANALYSIS

**A.     The Eriks' Removal is Defective**

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). "If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" *Id.* (quoting 28 U.S.C. § 1447(c)). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must

//

be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal of a civil action "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial state court pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[T]he time limit is mandatory and a timely objection to a late petition will defeat removal," unless the opposing party waives the defect. *Fristoe v. Reynolds Metals*, 615 F.2d 1209, 1212-13 (9th Cir. 1980) (citations omitted).

This court strictly construes the time limit for removal petitions. For example, in *IH2 Property Washington LP v. Kyng Chai Leem*, No. C13-1736RSL, 2014 WL 294545 (W.D. Wash. Jan. 24, 2014), the defendants filed a notice of removal one day after the 30-day deadline. 2014 WL 294545, at *2. The plaintiff objected to this untimely removal. *Id.* The court found that it "is constrained to observe the mandatory deadline in 28 U.S.C. § 1446(b)," and therefore remanded the case. *Id.*

Here, the Eriks were served with the underlying unlawful detainer complaint on April 30, 2018. (*See* Decl. of Service (Dkt. # 7-1) at 15-16.) Pursuant to 28 U.S.C. § 1446(b), the Eriks had 30 days to remove this action to federal court. In other words, the Eriks needed to file a removal petition by the end of May 2018. The Eriks, however, filed their notice of removal on August 14, 2018, well after this 30-day deadline. (*See* Not. of Rem. at 1.) Breckenridge has not waived this defect; to the contrary, Breckenridge now moves for remand in part based on the untimeliness of the notice of

removal. (*See* Mot. at 3.) Because Breckenridge has objected to the Eriks' untimely removal, the court grants Breckenridge's motion to remand.[1]

**B.     Fees and Sanctions**

A court "remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Breckenridge contends that the Eriks had no reasonable basis for removal because there is no case law that supports removal of an unlawful detainer action or an action based on a defense to a civil proceeding. (Mot. at 6.)

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This standard does not turn on whether removal was improper, but on the reasonableness of removal. *Id.* at 137, 141. "In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts afford significant weight to the defendant's lack of representation." *Am. Homes 4 Rent Props. One, LLC v. Reyes*, No. C 13-2694 SI, 2013 WL 4048984, at *3 (N.D. Cal. July 30, 2013); *see also OneWest Bank, FSB v. Mohr*, No. C 10-00639 SBA, 2010 WL 2721437, at *3 (N.D. Cal. July 7, 2010) (holding that "unusual circumstances" include that the defendant was not represented by an attorney and filed the notice of removal without the benefit of legal counsel).

---

[1] Because removal was untimely, the court will not address Breckenridge's additional arguments regarding remand. (*See* Mot. at 3-6.)

ORDER - 5

Here, the court finds that the Eriks' defective removal, in light of their *pro se* status, is not worthy of sanctions under 28 U.S.C. § 1447(c). It is not objectively unreasonable that a *pro se* defendant would lack knowledge about the removability of an unlawful detainer action or an action based on a defense to a civil proceeding. *See Martin*, 546 U.S. at 141. The court notes, however, that the Eriks are now on notice of the removal requirements. The court will take this into consideration if the Eriks make any future attempts to improperly use the removal statute as a means of delaying a state court action.

In addition, Breckenridge moves for sanctions against the Eriks under Federal Rule of Civil Procedure 11. (*See id.* at 6-8.) Federal Rule of Civil Procedure 11 sanctions are committed to the discretion of the court. *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005) ("We review the district court's imposition of Rule 11 sanctions, as well as its refusal to do so, for an abuse of discretion."). Under Rule 11, the court may impose an appropriate sanction on any party that files a document with the court that is frivolous, legally unreasonable, without factual foundation, or is brought for an improper purpose. Fed. R. Civ. P. 11(b)-(c). Litigation misconduct is also sanctionable under the court's inherent powers. *See* Local Rules W.D. Wash. GR 3(d) (giving the court authority to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . . , or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously"). When faced with litigation abuses by a *pro se* party, a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*."

*See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). Sanctions that may be imposed include monetary sanctions and the imposition of a standing bar order that limits a plaintiff's ability to file future actions *pro se*. *See* Fed. R. Civ. P. 11(c)(4).

Breckenridge's Rule 11 sanctions request incorporates a much broader swath of the Eriks' conduct than its request for fees under 28 U.S.C. § 1447, which focuses only on the reasonableness of the removal petition. In sum, Breckenridge argues that the Eriks are subject to Rule 11 sanctions because they are "serial bankruptcy filers," who have now filed five frivolous bankruptcies in a two-year period. (*See* Mot. at 7-8.) Moreover, the Western District of Washington Bankruptcy Court has noted that the Eriks' multiple bankruptcy filings "were part of a scheme to hinder and delay" proceedings relating to the Property. (*See id.*; In Rem Order (Dkt. # 7-1) at 23.)

In addition, Breckenridge alleges that the Eriks' caused to be filed a sixth bankruptcy petition in the name of "Kristin Rossmore" to further evade eviction from the Property. (Mot. at 7.) In Ms. Rossmore's bankruptcy petition, she falsely claims to be a tenant of Breckenridge. (*Id.*; *see also* Dkt. # 7-1 at 25.) Ms. Rossmore's petition also utilizes a social security number that belongs to "Marty R. Eliesaras," who is barred from filing bankruptcy. (Mot. at 7-8.)

Further, on May 2, 2018—two days after the Eriks received Breckenridge's state court complaint—the Eriks filed a separate lawsuit against Breckenridge in the Western District of Washington that involves the Property. *See Eriks v. Breckenridge Prop. Fund 2016, LLC, et al.*, No. C18-0631RSL (W.D. Wash. 2018). The Eriks, however, never served Breckenridge with the complaint in that matter, nor have they made any additional

filings. (*See generally id.*, Dkt.) And in the present action, despite the Clerk issuing an IFP notice of deficiency on August 17, 2018 (*see* Not. of Def.), the Eriks have neither cured their deficiency, nor filed any further documents with the court, including failing to respond to Breckenridge's present motion (*see generally* Dkt.).

In light of the foregoing, the court imposes Rule 11 sanctions against the Eriks. Even considering the Eriks' *pro se* status, the court finds that—similar to the Western District of Washington Bankruptcy Court—this removal action is the latest step in a scheme to evade proceedings relating to the Property. Thus, the Eriks' actions in this case were taken for an improper purpose, including to "cause unnecessary delay" and "needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). These actions warrant Rule 11 sanctions.

The court therefore orders the Eriks to pay Breckenridge's reasonable costs and fees that it incurred as a result of this removal. *See* Fed. R. Civ. P. 11(c)(4). The court finds that this sanction, along with the vexatious litigant order outlined below, *see infra* § III.C, is "limited to what suffices to deter repetition of the conduct" by the Eriks. Fed. R. Civ. P. 11(c)(4). The court orders Breckenridge's counsel to file a motion, along with appropriate evidentiary materials, within 14 days of the date of this order so that the court may determine the appropriate amount of Breckenridge's costs and fees associated with this removal. The court further orders Breckenridge's counsel to note the motion in accordance with Local Rule LCR 7(d) so that the Eriks have the opportunity to file a timely response. *See* Local Rules W.D. Wash. LCR 7(d). The court will enter judgment following its determination of the amount of Breckenridge's reasonable fees.

## C. Vexatious Litigant Order

Breckenridge also requests that the court enter a vexatious litigant order against the Eriks, requiring the Eriks to seek and obtain formal permission from this court before bringing any removal or federal action in this eviction case. (Mot. at 8-9.) The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). A vexatious litigant order should be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147-48; *Molski*, 500 F.3d at 1057.

First, the court finds that the Eriks were afforded proper notice and a chance to be heard on this motion. Breckenridge filed this motion on August 28, 2018 (*see* Mot.), and the Eriks were properly served (*see* Dkt. # 7-3). Thus, the first *De Long* requirement has been met.

Second, there is an adequate record for review. *See, e.g., Molski*, 500 F.3d at 1059 ("Although the district court's decision . . . did not list every case filed by [plaintiff], it did outline and discuss many of them."). As described above, the Eriks have filed five

1 | prior bankruptcies within the past two years. On October 11, 2017, Ms. Eriks filed for
2 | Chapter 13 bankruptcy. *See In re Eriks*, No. 17-14462-TWD (Bankr. W.D. Wash. 2017).
3 | That matter was dismissed on November 17, 2017, because Ms. Eriks failed to file
4 | schedules, statements, lists, or plans. *Id.*, Dkt. # 20. Ms. Eriks again filed for Chapter 13
5 | bankruptcy on December 14, 2017. *See In re Eriks*, No. 17-15365-CMA (Bankr. W.D.
6 | Wash. 2017). On January 19, 2018, the court dismissed this proceeding because, as
7 | before, Ms. Eriks failed to file schedules, statements, lists, or plans. *Id.*, Dkt. # 19.

8 | Then, on February 8, 2018, Mr. Eriks filed for bankruptcy. *See In re Eriks*, No.
9 | 18-10217-TWD (Bankr. W.D. Wash. 2018). In that matter, the bankruptcy court found
10 | that the Eriks' multiple Chapter 13 filings "were part of a scheme to hinder and delay"
11 | proceedings relating to the Property. (In Rem Order at 22-24.) That case was ultimately
12 | dismissed on February 24, 2018, after the bankruptcy court determined that Mr. Eriks
13 | failed to file schedules, statements, lists, or plans. *In re Eriks*, No. 18-10217-TWD
14 | (Bankr. W.D. Wash. 2018), Dkt. # 21. Four months later, on June 11, 2018—one day
15 | before the first scheduled show cause hearing on the underlying unlawful detainer
16 | action—Mr. Eriks again filed Chapter 13 bankruptcy. *In re Eriks*, No. 18-12308-TWD
17 | (Bankr. W.D. Wash. 2018). This action was dismissed on July 24, 2018, for failure to
18 | appear at the meeting of creditors. *Id.*, Dkt. # 29; (*see also* Mot. at 7.) The Eriks then
19 | caused to be filed a sixth bankruptcy petition on August 23, 2018, utilizing an improper
20 | social security number, and misrepresenting who lived at the Property. *See In re*
21 | *Rossmore*, No. 18-13297-TWD (Bankr. W.D. Wash. 2018).
22 | //

In addition, two days after Breckenridge filed the underlying state court action, the Eriks filed a separate lawsuit against Breckenridge in the Western District of Washington that involves the Property. *See Eriks v. Breckenridge Prop. Fund 2016, LLC, et al.*, No. C18-0631RSL (W.D. Wash. 2018). The Eriks have not filed anything in that case since initiating the action on May 2, 2018. *See id.*, Dkt. There is now a pending order to show cause in that case for the Eriks to properly allege subject matter jurisdiction, which the Eriks have not yet responded to. *Id.*, Dkt. # 6.

Prior to that case, Ms. Eriks filed a different action in this court that involved the Property. *See Eriks v. CBA Info. Sol., et al.*, No. C17-1043RSM (W.D. Wash. 2017). The complaint in that matter was nearly identical to the one filed in case number C18-0631RSL, with the exception that the Eriks brought suit against the lender foreclosing the Property (BECU) and a mortgage servicer (CBA Information), instead of Breckenridge. *Compare id.*, Dkt. # 1-1, *with Eriks v. Breckenridge Prop. Fund 2016, LLC, et al.*, No. C18-0631RSL (W.D. Wash. 2018), Dkt. # 1-1. The court dismissed this action for failure to prosecute after the Eriks failed to respond to the court's order to show cause. *See Eriks v. CBA Info. Sol., et al.*, No. C17-1043RSM (W.D. Wash. 2017), Dkt. ## 6, 7. The court finds that it has an adequate record for review under *De Long*'s second requirement. *De Long*, 912 F.2d at 1147.

Third, the court considers whether the Eriks' actions are frivolous or harassing. *See id.* at 1148. In making this determination, the court must make substantive findings and must look at both the number and content of the litigant's filings. *Molski*, 500 F.3d at 1059. The plaintiff's claims must not only be numerous, but also be patently without

merit. *Id.* As just described, the Eriks have now caused to be filed six bankruptcy petitions and three federal court actions. The Eriks initiated each of these actions to hinder the completion of proceedings that relate to the Property. Moreover, except for the one case that is still pending, all of these actions were dismissed because the Eriks failed to prosecute a matter that they initiated. Only when the Eriks are against a new deadline—often with one day to spare—will they file a new action, further delaying resolution. Then, as before, the Eriks will not pursue their case, waiting again until they are on the precipice of eviction.

The Eriks have wasted the district court's, the bankruptcy court's, and the state court's resources, as well as Breckenridge's time and money. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). The court finds that the Eriks' actions have been both numerous and patently without merit. *See Huggins v. Hines*, 117 F. App'x 517, 518 (9th Cir. 2004) (upholding district court finding that five actions were sufficient to deem a party a vexatious litigant); *Azam v. Fed. Deposit Ins. Corp.*, No. CV 15-3930-JLS (ASx), 2016 WL 4150762, at *11 (C.D. Cal. July 19, 2016) (considering bankruptcy court's finding that litigant's bankruptcy filings were for the purpose of "buy[ing] some time" in determining that party was a vexatious litigant); *Schneider v. Roberts*, No. CV 14-1668-UA, 2014 WL 1891416, at *7 (C.D. Cal. May 9, 2014) (four cases requesting removal and two bankruptcy petitions deemed sufficient to find the party's filings duplicative, frivolous and harassing). The court therefore finds that the third *De Long* element is satisfied. *See De Long*, 912 F.2d at 1148.

//

Finally, a vexatious litigant order "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski,* 500 F.3d at 1961. Breckenridge asks the court to require that the Eriks seek and obtain this court's permission before bringing any removal or federal action in this eviction case. (Mot. at 8.) Mindful of the Ninth Circuit's directive to narrowly tailor a vexatious litigant order, the court slightly modifies Breckenridge's request as follows: Any removal or federal action that is initiated by Mr. Eriks and/or Ms. Eriks—or caused to be initiated by either of them—in the Western District of Washington that involves this eviction, the Property, or Breckenridge must be filed under a miscellaneous case number specifically assigned for this standing litigation order. If, upon review of any notice of removal or complaint, the court concludes that the filing is duplicative, frivolous, harassing, or otherwise part of the Eriks' scheme to improperly hinder or delay resolving issues that relate to the Property, the court will issue an order striking the complaint or notice of removal and directing the Clerk not to assign the complaint or notice of removal a civil case number. Such order will be issued pursuant to this vexatious litigant order and without the necessity of issuing an order to show cause to the Eriks. Further, if the court issues an order striking a notice of removal that is filed in this manner, the Clerk will promptly inform the relevant state court that the removal is improper under this vexatious litigant order. This standing litigation order strikes an appropriate balance between the Eriks' right of access to the court and the burden their repeated litigation misconduct has imposed on this court, the bankruptcy court, the state court, and Breckenridge.

//

## IV.  CONCLUSION

For the reasons stated herein, the court GRANTS in part and DENIES in part Breckenridge's motion. (Dkt. # 7.) Specifically, the court GRANTS the motion to remand, DENIES the motion for fees under 28 U.S.C. § 1447(c), GRANTS the motion for sanctions under Federal Rule of Civil Procedure 11, and GRANTS the motion for entry of a vexatious litigant order. (*See id.*) The court further orders Breckenridge's counsel to file an appropriate motion as described above. *See supra* § III.B.

Based on the foregoing analysis, the court REMANDS this case to King County Superior Court. The court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County, Washington;
2. The Clerk shall send copies of this order to all counsel of record for all parties;
3. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk of the Court for the Superior Court for King County, Washington;
4. The Clerk shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington;
5. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

//

//

6. The Clerk shall CLOSE this case.

Dated this 3rd day of October, 2018.

JAMES L. ROBART
United States District Judge