UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NANCY K. ERIKS, et al.,<br><br>Defendants. | CASE NO. C18-1189JLR<br><br>ORDER AWARDING FEES AND COSTS |

Before this court is Plaintiff Breckenridge Property Fund 2016, LLC's ("Breckenridge") motion for fees and costs. (Mot. (Dkt. # 9).) The motion is unopposed. (*See generally* Dkt.) A party's failure to oppose a motion may be considered by the court as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). Quite apart from that, however, this motion has merit. Accordingly, the court GRANTS in part the motion and, finding that certain costs are not sufficiently explained, DENIES in part the motion.

ORDER - 1

The court previously awarded Breckenridge its reasonable fees and costs that it incurred as a result of Defendants Erik Eriks and Nancy Eriks's ("the Eriks") removal. (*See* Order (Dkt. # 8) at 8 (citing Fed. R. Civ. P. 11(c)(4)).) This motion seeks only to determine the amount that Breckenridge is entitled to collect from the Eriks. (*See id.*; Mot.) Breckenridge supports its motion with testimonial evidence and an itemized accounting, and asks for a total award of $4,172.14—$3,990.00 in fees and $182.14 in costs. (*Id.* at 1; *see also* McIntosh Decl. (Dkt. # 9-1) at 1-6.)

An award of attorneys' fees is within the discretion of the court. *See Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007) ("This court grants 'considerable deference' to a district court's determination as to what hours are 'excessive, redundant, or otherwise unnecessary.'") (citation omitted); *see also* Fed. R. Civ. P. 11(c)(4) ("The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."). To determine reasonable attorneys' fees, the court first considers the "lodestar" calculation, which is obtained by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The district court can then adjust this fee by the "*Kerr* factors" that the court finds relevant. *See McGrath v. Co. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)); *see also Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016). *Kerr* instructs the court to consider: (1) the time and labor required, (2) the novelty and difficulty of the

ORDER - 2

questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 69-70. Only relevant factors must be considered. *Id.* Breckenridge does not ask for any adjustment to the lodestar based on the *Kerr* factors. (*See* Mot.)

Breckenridge's two attorneys, John McIntosh and Thomas Linde, each charged a $250.00 hourly rate. (McIntosh Decl. ¶ 3.) In addition, Breckenridge's paralegal, Ali Small, charged a $110.00 hourly rate. (*Id.* ¶ 4.) The Eriks do not challenge these billing rates, and the court finds them in line with those prevailing in the Seattle community for similar services by lawyers and paralegals "of reasonable comparable skill, experience, and reputation." *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The court also relies on its own knowledge and experience in determining that these rates are reasonable. *See Salyer v. Hotels.Com GP, LLC*, No. C13-1966RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

Breckenridge requests compensation for 16.8 hours of legal services (15.3 hours expended by attorneys and 1.5 hours expended by a paralegal). (McIntosh Decl. at 3-6.) These hours were spent researching removal jurisdiction and the defects in the Eriks'

removal; drafting the motion for remand and fees; preparing exhibits and evidence for the motion; researching the Eriks' numerous bankruptcy actions in preparation for the motion; and extending the writ of restitution in the state court matter, which had to be extended because it expired while Breckenridge's motion was pending. (*See id.* ¶ 5.) The court has analyzed Breckenridge's hour entries, and finds that they are all reasonable, and not "excessive, redundant, or otherwise unnecessary." *Tahara*, 511 F.3d at 955.

In addition to Breckenridge's evidence, the court has considered *Kerr* factors (1), (2), (3), (5), (7), (8), and (10). The court concludes that the lodestar fee is reasonable and, on balance, the *Kerr* factors do not justify an upward or downward adjustment.

However, the court reduces Breckenridge's costs award by $139.15. Breckenridge requests $139.15 for "Miscellaneous Costs- Westlaw Research." (McIntosh Decl. at 5.) The court strikes this entry because it does not provide the court with enough detail to show that it was a result of the Eriks' removal.

Accordingly, the court GRANTS in part, and DENIES in part, Breckenridge's motion for fees and costs. Breckenridge is entitled to $4,032.99—$3,990.00 in fees and $42.99 in costs—awarded against the Eriks.

Dated this 8th day of November, 2018.

JAMES L. ROBART
United States District Judge

ORDER - 4